UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBER BALDWIN DESIGNS, LLC,

                                                  Case No. 1:16-cv-448

        Plaintiff,

vs.                                          Judge Timothy S. Black

SILV COMMUNICATIONS, INC.,

        Defendant.

**ORDER DENYING
DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS (Doc. 18)**

        This civil action is before the Court on Defendant's motion to strike class allegations (Doc. 18), and the parties' responsive memoranda (Docs. 20, 23).

## I.      BACKGROUND FACTS[1]

        Plaintiff's amended complaint asserts claims on behalf of a nationwide class and Ohio subclass for: (1) violation of the Federal Telecommunications Act's anti-slamming provision; (2) common law fraud; (3) unjust enrichment; and (4) Ohio Telecommunication Fraud.

        Defendant argues that the class action allegations should be stricken because: (1) the class members lack Article III standing; (2) common issues do not predominate over individual issues as required by Rule 23(b)(3); (3) class certification is not a superior method to other means available to resolve Plaintiff's claims as required by Rule 23(b)(3); (4) the amended complaint fails to satisfy the typicality requirement of Rule

---

[1] The Court previously recited the facts of this case in its Order at Document 24.

23(a)(3); (5) the amended complaint fails to satisfy the numerosity requirement of Rule

23(a)(1); (6) counsels' contradictory allegations establish that they are not adequate class

representatives under Rule 23(a)(4); and (7) class certification is inconsistent with the

statutory text of the Telecommunications Act.

## II.    STANDARD OF REVIEW

"The party seeking the class certification bears the burden of proof." *In re Am.

Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "Given the huge amount of judicial

resources expended by class actions, particular care in their issuance is required."

*Pipefitters Local 636 v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir.

2011).

Striking deficient class allegations comports with Rule 23's directive that courts

determine whether a class may be certified "[a]t an early practicable time." Fed. R. Civ.

P. 23(c)(1)(A). A court may strike class action allegations before a motion for class

certification where the complaint itself demonstrates that the requirements for

maintaining a class action cannot be met. *Pilgrim v. Universal Health Card, LLC*, 660

F.3d 943, 945 (6th Cir. 2011). A court may properly strike class allegations prior to

discovery where discovery would not have "alter[ed] the central defect in th[e] class

claim." *Id.* at 949 (affirming the district court's judgment striking class allegations and

dismissing a lawsuit prior to discovery, finding that the defect in the class action at issue

involved "a largely legal determination" that "no proffered factual development offer[ed]

any hope of altering."). "This Court has specifically recognized its authority to strike

2

class allegations prior to the close of discovery when (1) the complaint itself demonstrates the requirements for maintaining a class action cannot be met, and (2) further discovery will not alter the central defect in the class claim." *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14cv15, 2015 U.S. Dist. LEXIS 178248, at *5 (S.D. Ohio Mar. 31, 2015).

However, "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Geary v. Green Tree Servicing, LLC*, No. 2:14cv522, 2015 U.S. Dist. LEXIS 35059, at *41-42 (S.D. Ohio Mar. 20, 2015). Generally, "a district court should defer decision on class certification issues and allow discovery 'if the existing record is inadequate for resolving the relevant issues.'" *Bearden v. Honeywell Int'l, Inc.*, 720 F. Supp. 2d 932, 942 (M.D. Ten. 2010).

"When a defendant moves to strike class action allegations on the basis that class certification is precluded as a matter of law, the defendant bears the burden of establishing that the plaintiff will be unable to demonstrate facts supporting certification, even after discovery and the creation of a full factual record." *Jimenez v. Allstate Indem. Co.*, No. 07-cv-14494, 2010 U.S. Dist. LEXIS 95993, at *9 (E.D. Mich. Sept. 15, 2010). "[T]he standard is the same as applied in deciding a motion to dismiss under Rule 12(b)(6)." *Id.* In other words, "[t]he moving party has the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the class as

alleged, regardless of the facts plaintiffs may be able to prove." *Schilling v. Kenton Cty., Ky.*, No. 10-143, 2011 U.S. Dist. LEXIS 8050, at *12 (E.D. Ky. Jan. 27, 2011).

### III.     ANALYSIS

#### A.   Article III Standing

##### 1.   *Named Plaintiff*

First, Defendant argues that Plaintiff's class allegations should be stricken because members of the proposed class lack Article III standing.

Standing is an integral part of the threshold requirement of Article III of the Constitution and those who seek to invoke the power of the federal courts must allege an actual case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). To satisfy the case or controversy requirement, a plaintiff must establish three elements: "(1) an injury-in-fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue—the injury must be fairly traceable to the defendant's action; and (3) [a] likelihood that the injury would be redressed by a favorable decision by the Court." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002). As a threshold matter, in a facial attack to the sufficiency of the complaint's allegations to establish standing, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998).

Plaintiff alleges that "Defendant submitted orders to change the long distance service provider of Plaintiff and other members of the Class without obtaining the required authorization," and that as a result, "Plaintiff and members of the Class have

suffered injuries and damages, including but not limited to payment of fees for unwanted and unnecessary long distance device." (Doc. 14 at ¶¶ 89-90). These allegations are sufficient to satisfy the case or controversy requirement at the pleading stage.

In the context of a class action lawsuit, any named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). Standing is satisfied in a class action if the named plaintiff, not unnamed class members, has standing. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 395 (1996) (class certification "does not require a demonstration that some or all of the unnamed class could themselves satisfy the standing requirements for named plaintiffs"). To require a district court to first determine which class members are injured before certifying a class "put[s] the cart before the horse" and "vitiate[s] the economies of class action procedure." *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 676 (7th Cir. 2009). "How many (if any) of the class members have a valid claim is the issue to be determined *after* the class is certified." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) (emphasis in original).[2]

Accordingly, Defendant's standing argument fails as a matter of law.

---

[2] *See, e.g., Smith v. Sterling Infosystems-Ohio, Inc.*, No. 1:16cv714, 2016 U.S. Dist. LEXIS 144793, at *3 (N.D. Ohio Oct. 19, 2016) ("Although the Court has some doubt as to whether many of the class members would have standing on their own right, the Court finds that it is not proper to strike class claims at this time."); *Rikos v. P&G*, 799 F.3d 497, 524 (6th Cir. 2015) (affirming this Court's certification of class of purchasers of probiotic supplements, and rejecting argument that class was overbroad insofar as it included customers who suffered no injury: "This argument...misconstrues the basic theory of liability at issue...If Align does not work as advertised for anyone, then every purchaser was harmed...").

### 2. *Damages*

Defendant also argues that class allegations should be stricken because Plaintiff does not allege that it suffered damages. As this Court previously held, Plaintiff has alleged that it suffered damages. (Doc. 24 at 17-18).

### B. **Rule 23(a)**

Next, Defendant argues that Plaintiff has failed to plead sufficient facts to establish that certification under Rule 23(a) is appropriate.

To obtain class certification a plaintiff must meet all of the following prerequisites of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Pilgrim*, 660 F.3d at 945.

### 1. *Typicality*

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Where class members' claims turn on individual permutations that "varied from person to person," the Sixth Circuit has made clear that the claims of the named plaintiffs are not typical. *See, e.g., Romberio v. UNumprovident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009) (typicality lacking "[w]here a class definition encompasses many individuals who have no claim at all to the relief requested").

Defendant argues that Plaintiff cannot satisfy the typicality requirement because the cornerstone of Plaintiff's claim is that Defendant lacked verified consent when it switched Plaintiff from Cincinnati Bell to Silv and that Plaintiff suffered actual damages. Therefore, Defendant claims that if Plaintiff were to prove its claim, it logically does not follow that other class members had their long distance service switched to Silv without verified consent and suffered actual damages. Thus, Defendant argues that the Court will have to conduct individual inquires that are unique to each class member.

In this case, the claims arise from the same alleged uniform practices. In seeking to remedy Defendant's wrongdoing, Plaintiff asserts identical legal claims on behalf of itself and the respective members of the class. "[T]his is not a case where a commonality or typicality issue is plain from the fact of the class allegation itself." *Modern Holdings, LLC v. Corning Inc.*, No. 13-405, 2015 U.S. Dist. LEXIS 41138, at *17-20 (E.D. Ky. Mar. 31, 2015) (refusing to strike class allegations based on alleged individualized questions about proof of injury, damages, and tolling under the discovery rule).

## 2. *Adequate Class Representative*

With respect to adequacy: "(1) the representative must have common interests with the unnamed members of the class; and (2) it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *O'Donnell v. Fin. Am. Life Ins. Co.*, No. 2:14cv1071, 2016 U.S. Dist. LEXIS 51658, at *23 (S.D. Ohio Apr. 18, 2016).

Here, Defendant challenges Plaintiff's and counsels' ability to represent the class based on the alleged conflicting and contradictory allegations in the complaint and

amended complaint which Defendant claims undermines Plaintiff's and its counsels' credibility and trustworthiness.[3]  As this Court explained previously, these arguments fail.  (*See* Doc. 24 at 6-9).  "[A]ttacks on the proposed representative's credibility are only sufficient to render him inadequate when they 'are so sharp that they jeopardize the interests of absent class members.'"  *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 310-11 (N.D. Ohio 2009) (concluding that any legitimate credibility issues are insufficient to support finding of inadequacy).  Such is not the case here.

### 3. Numerosity

Rule 23(a)(1) requires that classes be "so numerous that joinder of all class members is impracticable."  However, impracticability does not equate to impossibility and there is no specific number of putative class members that establishes impracticability.  *Card v. City of Cleveland*, 270 F.R.D. 280, 290 (N.D. Ohio 2010). Instead, courts adopt a flexible approach that considers the particular circumstances of each case.  *Id.*  Courts widely recognize classes larger than 40 members are sufficiently sized.  *Taylor v. CSX Transp.,* 264 F.R.D. 281, 288 (N.D. Ohio Sept. 28, 2007).

Southern District of Ohio Civil Rule 23.2(a) requires class action complaints to allege the "approximate size" of the alleged class.  Here, the complaint alleges that "[a]lthough the precise number of class members is unknown to Plaintiff, the number is, upon information and belief, sufficiently large to make joinder impractical."  (Doc. 14 at ¶ 70).  The amended complaint provides a "conservative estimate" of at least "five

---

[3] To the degree that Defendant's claim is that Plaintiff's counsel is untrustworthy, there is absolutely no basis for such a claim.

thousand (5,000) members, representing, on average, one hundred (100) members per state." (*Id.*)

Defendant argues that Plaintiff has not established that the class will be comprised of approximately five thousand members. However, "[i]t is important to recall that the matter is before the Court not for a final determination on the issue of numerosity—that would come only if [plaintiff] moved to certify a class, which she has not—but for a decision on motions to strike class action allegations." *Rose v. Friendly Fin. Corp.*, No. 2:15cv1032, 2016 U.S. Dist. LEXIS 151118, at *7-8 (S.D. Ohio Nov. 1, 2016) (denying motion to strike class allegations for lack of numerosity). Without the benefit of discovery, knowledge of the number of subscribers Defendant allegedly slammed lies exclusively with the Defendant. *Underwood v. Carpenters Pension Trust Fund-Detroit & Vicinity*, No. 13-cv-14464, 2014 U.S. Dist. LEXIS 128543, at *7-8 n. 2 (E.D. Mich. Sept. 15, 2014) ("[I]t [is] 'pure sophistry' for defendants to argue that class certification 'must be denied since the plaintiff is unable to state the exact number of persons affects' where '[t]he exact number of affected persons is known to the defendants who have the means to identify them at will.'").[4]

Accordingly, at this stage in the litigation, Plaintiff has pled typicality, adequacy, and numerosity, sufficient to allege class claims pursuant to Rule 23(a).

---

[4] *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988) ("Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control.").

### C. Rule 23(b)(3)

Defendant also argues that Plaintiff has failed to plead sufficient facts to establish that certification under Rule 23(b)(3) is appropriate. Once the Rule 23(a) requirements are satisfied, a party seeking class certification must also show that the proposed class is maintainable under one of the three provisions of Rule 23(b).

Class certification is only appropriate under this rule if: (1) "questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

#### 1. *Common issues predominate*

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007). To satisfy the predominance requirement, "a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole,…predominate over those issues that are subject only to individualized proof.'" *Id.* "[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Powers v. Hamilton Cty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

The "touchstone for striking class allegations at this stage is facial deficiency." *Modern Holdings*, 2015 U.S. Dist. LEXIS 41138 at 10. Here, Plaintiff alleges that:

(1) all of Defendant's customers were illegally slammed; (2) Defendant charges rates that far exceed the market price for equivalent services—services that many customers received for no additional charge prior to being slammed; and (3) Defendant provides no service of any value to any of the customers that it switched to its long distance service. If Plaintiff can prove these factual allegations, Defendant's concerns about whether a given class member has been harmed by Defendant's conduct become moot. *See, e.g., Rikos*, 799 F.3d at 524 (affirming this Court's certification of class of purchasers of priobiotic supplements, and rejecting argument that class was overbroad insofar as it included customers who suffered no injury: "This argument misconstrues the basic theory of liability at issue…If Align does not work as advertised for anyone, then every purchaser was harmed…").

Notably, most of the individual issues Defendant identifies relate to class member damages. Even if these allegations result in individual damage determinations, these determinations are no bar to class certification, even where some class members suffered no harm at all. *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 855 (6th Cir. 2013). *See also Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167-68 (9th Cir. 2014) ("In [*In re Whirlpool*], the Sixth Circuit held that, 'no matter how individualized the issue of damages may be, determination of damages may be reserved for individual treatment with the question of liability tried as a class action,' a position that is said held true even when some consumers might have no harms at all.").

### i.  Choice of Law

Defendant argues that since laws concerning unjust enrichment vary from state to state, the Court should strike the class allegations.

As a threshold matter, courts disagree as to whether states' unjust enrichment laws vary to any significant degree.  *See, e.g., Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 568 (E.D. Mich. 2009) (finding "few real differences" between the states' unjust enrichment laws).  Even those courts that have found significant variation among some states' unjust enrichment laws agree that such variations are not material where, as here, they do not "significantly alter the central issue of manner of proof in the case." *Keilholtz v. Lennox Hearth Prod. Inc.*, 268 F.R.D. 330, 341 (N.D. Cal. 2010) (certifying multistate unjust enrichment class).  Until the relevant states are identified through discovery, it is impossible to assess a potential conflict of law.  *Eliason v. Gentek Bldg. Prods., Inc.*, No. 1:10cv2093, 2011 U.S. Dist. LEXIS 94032, at *7 (N.D. Ohio Aug. 23, 2011) (refusing to strike class allegations because whether certification would require application of multiple states' laws "cannot be determined until discovery has taken place and choice of law provisions applied").

Moreover, Plaintiff specifically reserved the right in its complaint to modify the class definition upon the conclusion of discovery.  (Doc. 14 at ¶¶ 66-67 n. 5, 6).  Because Plaintiff may ultimately move to certify a class encompassing some, but not all states, the issues Defendant raises about differences in states' unjust enrichment laws may never materialize.  *See, e.g., Bohlke v. Shearer's Foods*, No. 9:14-cv-80727, 2015 U.S. Dist. LEXIS 6054, at *5 (S.D. Fla. Jan. 20, 2015) (declining to strike nationwide class

allegations, and explaining that plaintiff reserved the right to modify the class definition and could ultimately move to certify a more limited class of compatible jurisdictions).

### ii. Voluntary Payment Doctrine

Next, Defendant argues that affirmative defenses pursuant to the voluntary payment doctrine prevent class certification. However, as this Court held previously, exceptions to the voluntary payment doctrine may apply. (*See* Doc. 24 at 13). Moreover, "[i]t is not the law that any time a voluntary payment doctrine issue is raised that certification must be denied." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 45 (E.D.N.Y. 2008). "Such an absolute rule would bar almost all class actions involving alleged nondisclosures (even in standard form contracts) because there is always the possibility that a particular plaintiff, despite a nondisclosure by the defendant, somehow stumbled upon the nondisclosed fact at issue on his or her own and continued to make payments." *Id.*

### iii. Reliance

Finally, Defendant argues that no class may be certified because reliance is an essential element of Plaintiff's common law fraud claim, and courts have consistently refused to permit class treatment for fraud-based claims because individual issues of reliance must be resolved. However, class certification of fraud-based claims may be appropriate where, as here, reliance can be presumed for the entire class. "Whether class reliance may be presumed in a particular case does not appear to depend on any clear rules but on common-sense judgments about its appropriateness." *Hale v. Enerco Group*, 288 F.R.D. 139, 148 (N.D. Ohio Dec. 29, 2012).

For example, reliance may be presumed where "circumstantial evidence leading to legitimate inferences could lead a reasonable factfinder to conclude beyond a preponderance of the evidence that each individual plaintiff relied on the defendants' representations." *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 519 (N.D. Ohio 2008). The court in *Hale* explained that the presumption of class reliance was appropriate in *Stanich* because there was a virtual certainty that, but for the concealment, the higher priced policies would not have been purchased by any of the potential class members. *Hale*, 288 F.R.D. at 149.

Similarly, here, Plaintiff alleges that all of Defendant's customers were illegally slammed, that Defendant charges rates that far exceed the market price for equivalent services, and that no reasonable, informed customer would ever consent to switch to Silv. In other words, accepting Plaintiff's allegations as true, but for Defendant's slamming, the class members would not have purchased Silv's more expensive long distance services.

Accordingly, the Court finds that at this stage in the litigation, common issues of law and fact predominate.

### 2. *Class certification is superior to other means*

The superiority requirement of Rule 23(b)(3) requires a court to balance the merits of a class action in terms of fairness and efficiency. *Jenkins v. Hyundai*, C2-4720, 2008 U.S. Dist. LEXIS 23073, at *27 (S.D. Ohio Mar. 24, 2008). Federal courts favor class actions as an effective means of adjudicating numerous small yet similar claims, because without the class action device, the claims will go un-redressed. *Deposit Guar. Nat'l*

14

*Bank v. Roper*, 445 U.S. 326, 339 (1980). In determining whether Plaintiff has made this showing, the court may consider: (1) the class member's interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesireability of concentrating the ligation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

Defendant claims that class-wide adjudication is not superior for two reasons: (1) the claims should be adjudicated by the FCC; and (2) one of Plaintiff's statutory claims allowed for the award of fees to successful class members who pursue their claims individually.

### i. Primary jurisdiction

First, Defendant incorporates its discussion of the history of the FCC enforcement regulations under the Telecommunications Act from its motion to dismiss and argues that the FCC is the entity best suited to resolve slamming allegations. However, Congress has specifically prescribed slamming victims the right to "bring suit for the recovery of the damages….in any district court of the United States of competent jurisdiction." 47 U.S.C. § 207. Moreover, as this Court has already established, numerous class actions asserting claims under the Telecommunications Act have been certified. (Doc. 24 at 12). *See, e.g., Beattie*, 511 F.3d 554 (certifying a class of customers asserting claims under Sections 206 and 207 of the Act).

### ii. Availability of attorneys' fees

Next, Defendant argues that a class action is not superior to alternative proceedings because one of Plaintiff's statutory claims allows for the award of attorney fees to successful class members who pursue their claims individually. However, the mere "fact that attorneys' fees may be awarded does not demonstrate that class-wide resolution is not the superior approach." *In re Toys R Us-Delaware, Inc. – Fair & Accurate Credit Transactions ACT (FACTA) Litig.*, 300 F.R.D. 347, 365 (C.D. Cal. 2013). A class action may also be superior despite the availability of statutory attorneys' fees where, as here, "potential class members may not know their rights are being violated or may be unable to find competent legal representation." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 271 F.R.D. 572, 577 (N.D. Ohio 2010).

Accordingly, at this stage in the litigation, Plaintiff has pled predominance and superiority sufficient to allege class claims pursuant to Rule 23(b)(3).

### D. Class Certification and the Telecommunications Act

Finally, Defendant argues that the Telecommunications Act does not permit subscribers to use the federal court class action mechanism to remedy alleged violations of the Act. Contrary to Defendant's argument, and as this Court has already determined, nothing in the statutory text of the Telecommunications Act of 1996 restricts the application of a class action filed in federal court pursuant to 47 U.S.C. Sections 206 or 207. (Doc. 24 at 12). In fact, the Sixth Circuit has certified a class action asserting claims under Section 206 and 207 of the Act. *See Beattie*, 511 F.3d 554.

16

## IV.    CONCLUSION

For these reasons, Defendant's motion to strike class allegations (Doc. 18) is

**DENIED**.

      **IT IS SO ORDERED**.

Date:  12/15/16                                *s/ Timothy S. Black*
                                          Timothy S. Black
                                          United States District Judge