# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **KIMBER BALDWIN DESIGNS, LLC**, individually and on behalf of all other similarly situated, | : : : : | CASE NO. 1:16-cv-00448-TSB Judge Timothy Black |
| Plaintiff, | : : | |
| vs. | : : | |
| **SILV COMMUNICATIONS, INC.** | : : | **MOTION FOR FINAL APPROVAL OF SETTLEMENT** |
| Defendant. | : | |

NOW COMES Plaintiff who hereby moves the Court to (a) grant final approval to the Settlement Agreement as fair, reasonable, adequate, and binding on all members of the Settlement Class; (b) certify the Settlement Class pursuant to Federal Rule 23; (c) finally approve and appoint Class Counsel and the Class Representative to represent the Settlement Class; and (d) direct the parties and their counsel to implement the Settlement Agreement according to its terms.  The legal and factual bases supporting this Motion are set forth in the attached Memorandum and the Exhibits thereto including the Affidavit of Madelyn M. Dunlap and the Declaration of Jeffrey S. Goldenberg.  A proposed Order is attached.

Respectfully submitted,

/s/ Christian A. Jenkins
Christian A. Jenkins (0070674)
Robb S. Stokar (0091330)
MINNILLO & JENKINS CO., LPA
2712 Observatory Avenue
Cincinnati, OH  45202
Tel:  (513) 723-1600
Fax:  (513) 723-1620
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com

Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Robert B. Sherwood (0084363)
GOLDENBERG SCHNEIDER, LPA
One West Fourth Street, 18th Floor
Cincinnati, OH  45202-2012
Tel:  (513) 345-8291
Fax:  (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
rsherwood@gs-legal.com

**Attorneys for Plaintiff
and the Settlement Class**

<u>MEMORANDUM</u>

## I. INTRODUCTION

Plaintiff Kimber Baldwin Designs, LLC d/b/a Fiber Optic Yarns ("Plaintiff," the "Named Plaintiff" or "Baldwin"), individually and on behalf of the Settlement Class (collectively, "Plaintiffs"), respectfully request that the Court grant final approval of the class action Settlement between Plaintiffs and Defendant Silv Communications, Inc. ("Silv" or "Defendant"). Final approval of this Settlement is appropriate because the Settlement is the product of extensive arm's-length negotiations, and is fair, reasonable, and adequate. It therefore merits final approval. A proposed Order Granting Final Approval of Class Action Settlement is attached as Exhibit 1.

## II. BACKGROUND

### A. The Litigation

On April 4, 2016, Plaintiff, individually and on behalf of the proposed Settlement Class, filed a Complaint [ECF No. 1] asserting that Defendant was violating Federal law and engaged in fraud by changing the long-distance telephone services of various businesses without authorization.

Plaintiff alleged that Silv engaged in "slamming," when it obtained recordings of employees of businesses answering "yes" to questions related to the business name, addresses and telephone number, but then manipulated those recordings to fabricate consent to switch long distance telephone carriers. Plaintiff alleged the rate Silv charged for long-distance telephone service was more than what customers paid before being switched to Silv. For example, when Plaintiff was switched to Silv, the monthly long-distance telephone charges increased by $40.94.[1]

The original Complaint alleged violations of the Wire or Radio Communications Act (47

---

[1] First Amended Class Action Complaint, [ECF No. 14-3, Page ID # 184].

U.S.C. § 258(a)), Common Law Fraud, and Civil RICO Conspiracy. After retaining counsel, on July 18, 2016, Silv filed its Motion To Dismiss the Complaint [ECF No. 11] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On July 25, 2016, Silv filed a Motion to Strike Class Allegations In Plaintiff's Complaint [ECF No. 13]. On August 11, 2016, as a matter of right, Plaintiff filed its First Amended Complaint ("FAC"). [ECF No. 14].

Plaintiff's FAC reiterated the factual basis for the "slamming" allegations. The FAC attached as an exhibit a consent decree between Silv and the Federal Communications Commission related to Silv's slamming activities. [ECF No. 14-1]. The FAC also alleged violations of the Wire or Radio Communications Act (47 U.S.C. § 258(a)), Ohio Common Law Fraud, Unjust Enrichment and Ohio Telecommunications Fraud.[2]

On September 28, 2016, Silv filed a Motion to Dismiss the FAC [ECF No. 16] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On October 18, 2016, Silv moved to Strike Class Action Allegations in the FAC. [ECF No. 18]. Plaintiff filed its Memorandum in Opposition to Silv's Motion to Dismiss [ECF No. 19] on September 7, 2016 and its Memorandum in Opposition to Silv's Motion to Strike Class Action Allegations [ECF No. 20] on November 11, 2016. Silv filed replies in support of its Motions. [ECF Nos. 22 and 23].

On December 5, 2016, the Court denied Defendant's Motion to Dismiss [ECF No. 24] and denied Silv's Motion to Strike on December 15, 2016 [ECF No. 25]. Silv then answered the FAC and asserted its affirmative defenses on January 9, 2017 [ECF No. 28]. Silv's answer contained a general denial, denied the authenticity of the doctored recording of the alleged consent to switch long distance telephone providers and averred it had consent from Plaintiff to switch the long-distance telephone service provider. Silv also asserted thirty-nine (39) affirmative defenses in

---

[2] Plaintiff invoked Ohio Revised Code § 2307.60 to initiate a civil cause of action for a criminal act.

4

support of its position.

On January 17, 2017, counsel for the parties met at the office of Minnillo & Jenkins Co., LPA to conduct a Rule 26 conference. During that conference, both sides agreed it would be in the best interest of all involved to request a stay of the case to explore settlement. On January 19, 2017, the parties filed a Joint Motion for Stay [ECF No. 29], which was granted in the Court's notation order later that day. To facilitate the free exchange of information during settlement negotiations, the parties submitted a Joint Motion for Protective Order [ECF No. 30] and the Court entered the protective order on February 8, 2017 [ECF No. 31]. The parties then began exchanging information and exploring the possibility of settlement.

**B. Negotiation of the Proposed Settlement**

On January 30, 2017, Plaintiff requested various documents from Silv to evaluate both liability and damages in an effort to consider possible resolution of this matter. In response, Silv provided the following information: revenues, ownership structure, customers, complaints from customers, refunds issued to customers and Third-Party Vendors.

Counsel for the parties met three times over the course of the next three months and exchanged subsequent settlement proposals both telephonically and by e-mail. In early April 2017, the parties were able to reach an agreement in principle. Drafts of the agreement were exchanged and a final version of the agreement was executed on June 5, 2017.

Thus, the Settlement Agreement is the result of arm's-length, protracted negotiations that took place from January 17, 2017 through May 30, 2017, including significant negotiations over both monetary and non-monetary terms of the settlement. During these negotiations, the Parties had discussions concerning their respective risks in the prosecution and defense of this case. As a result of those discussions, which were informed by the significant experience of Plaintiffs' Counsel and Silv's counsel in such matters, Plaintiffs and Silv, were able to arrive at resolution to

this matter.

Notably, Silv denies and continues to deny the allegations made in the First Amended Class Action Complaint.  Silv maintains that its customers are happy with the service it provides and Silv contends that it has a large number of loyal customers that have been using Silv for several years.  Silv is settling this matter without admission of any fault, wrongdoing or liability of any kind.

### C.  The Settlement Agreement

The Settlement Agreement creates a $450,000 Settlement Fund for the benefit of the Class.  The Settlement Fund will cover payments to Class Members, costs of notice to the Class and administration of the settlement, reimbursement of Plaintiffs' Counsel's reasonable costs and expenses, and attorneys' fees for Plaintiffs' Counsel as well as any Contribution Award for the Named Plaintiff. Each class member submitting a valid claim shall receive an equal settlement payment not to exceed $120.  Any leftover monies shall revert to and belong to Defendant.

### 1.    The Class Definition

The Settlement Class is defined as:

> All individuals and businesses in the United States that were switched to and billed by Silv Communications, Inc. for unlimited long-distance telephone service from January 1, 2012 to the date of the Order granting preliminary approval of the Settlement (June 13, 2017).

Excluded from the Settlement Class are Defendant, any directors, officers or employees of Defendant and the Judge(s) to whom this case is assigned or any other judicial officer having responsibility for this case.

### 2.    The Settlement Consideration

Under the terms of the Settlement, Defendant will pay a total of $450,000 to resolve the claims of the Class ("Settlement Amount" or "Settlement Fund").  Each member of the Class who

submits a valid claim will receive an award of an equal amount not to exceed $120. If payments calculated exceed the monies available in the Settlement Fund after Court approved expenses are paid, payments to all Class Members who submitted a valid and timely claim will be reduced pro rata. If there are leftover monies available in the Settlement Fund after calculating the payments to be made pursuant to Paragraphs 5(a), 6, and 7 of the Settlement Agreement [ECF No. 33-1, Page ID # 455], the remaining funds shall revert to and shall belong to Defendant. As of October 4, 2017, 1,126 class members have filed claims.[3]

If any Settlement Class Member fails to negotiate a settlement check within ninety (90) days of the check issue date or cannot be located through reasonable efforts, or if there are otherwise any monies left unclaimed in the Settlement Fund, including any accrued interest, such amounts shall revert to Defendant.

### D. Preliminary Approval and Class Notice

On June 13, 2017, the Court granted preliminary approval to the proposed Settlement, finding its terms to be "fair, reasonable, and adequate…." [ECF No. 34 at PAGEID # 491]. The Court's Order directed Class Counsel to disseminate notice in accordance with the Notice Plan, which the Court found met the requirements of due process and was the "best notice practicable under the circumstances." [*Id.*].

The Dunlap Affidavit attached as Exhibit 2 discusses in detail the implementation of the Notice Plan. Direct notice [ECF No. 33-1, Page ID # 467] was mailed to each of the 24,131 Settlement Class Members that were identifiable from Silv's records. The Notices were mailed on August 18, 2017.

---

[3] *See* Affidavit of Settlement Administrator Madelyn M. Dunlap ("Dunlap") from Hannon Class Management Group LLC, attached to this Memorandum as Exhibit 2.

While 6,428 postcards were returned due to deficient addresses, 50 of the returned cards had forwarding addresses, and Hannon (the Settlement Administrator) was able to identify good addresses for 41 class members and re-mail their postcards. As of October 5, 2017, over 73% of those class members for whom direct mail notice was attempted received such notice. (Dunlap Affidavit ¶ 13).

Any objections to the Settlement or requests for exclusion from the Settlement were due to be postmarked by October 2, 2017. As of October 5, 2017, the Settlement Administrator received no objections and three exclusions. (Dunlap Affidavit ¶¶ 18-19). And as of the filing of this Memorandum, Class Counsel has received no objections.[4] A list of the individuals who requested to be excluded from the case is available to the Court upon request.

## III. ARGUMENT

### A. Final Class Certification is Appropriate

This Court preliminarily approved class certification for Settlement purposes in its June 13, 2017 Order. [*See* ECF No. 34 at PAGEID # 491]. At this juncture, with the Settlement process successfully implemented, final approval is appropriate. The following is a summary of the detailed briefing previously submitted in Plaintiff's Unopposed Motion for Preliminary Approval. [ECF No. 33].

#### 1. The Elements of Rule 23(a) Are Satisfied

For a lawsuit to be maintained as a class action under Rule 23, the plaintiff must establish each of the four threshold requirements of Subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

---

[4] Declaration of Jeffrey S. Goldenberg, attached as Exhibit 3, ¶ 2.

of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). *See, e.g., Gen. Tel Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004). Here, all four elements are satisfied with respect to a settlement class.

(a)   <u>Numerosity</u>

Rule 23(a)(l) requires that Plaintiffs demonstrate that "the class is so numerous that joinder of all members is impracticable." While no specific number of class members is required to maintain a class action, "[w]hen class size reaches substantial proportions ... the impracticability requirement is usually satisfied by the numbers alone." *In re Am. Medical Syst., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citation omitted). In the present case, the Settlement Class consists of approximately 24,131 persons and easily satisfies the numerosity requirement.

(b)   <u>Commonality</u>

Rule 23(a)(2) requires a showing of the existence of questions of law or fact common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011). "Their claims must depend upon a common contention of such a nature that it is capable of classwide resolution- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2551. The Sixth Circuit has instructed that class certification is appropriate "'if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.'" *In re Whirlpool Corp. Front-Loading Washer Products Liability*, 678 F.3d 409, 420 (6th Cir. 2012) (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)).

Applying these principles, it is evident that the commonality requirement of subsection

(a)(2) is satisfied.  Here, Plaintiffs contend that several common questions exist, including whether Silv violated Federal law, specifically the Wire or Radio Communications Act (47 U.S.C. § 258(a)) by changing the long-distance telephone services of various business without permission through the practice of "slamming."  Given the presence of common questions of law and fact emanating from Plaintiffs' claims, the commonality requirement is satisfied.

(c)     <u>Typicality</u>

Rule 23(a)(3) requires that the claims of the class representatives be "typical of the claims ... of the class."  The typicality element is designed to assess "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6ᵗʰ Cir. 1998).  "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Medical Syst., Inc.*, 15 F.3d at 1082 (citation omitted); *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007).

Here, Plaintiff's claims are the same in all significant aspects to those of the Settlement Class Members. The issue of whether Plaintiff was "slammed" is common to all Settlement Class Members and central to the Plaintiff's claims.  By litigating this central liability issue, the Plaintiff can be reasonably expected to advance the interests of all absent Class Members.  Accordingly, the typicality requirement is satisfied.

(d)     <u>Adequacy</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  "There are two criteria for determining this element: 1) the representatives must have common interests with the unnamed class members, and 2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel." *Senter v.*

10

*Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976) (citing *Gonzalez v. Cassidy*, 474 F.2d 67, 73 (6th Cir. 1973)). The adequacy element tests "the experience and ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent." *In re Am. Medical Syst., Inc.,* 75 F.3d at 1083 (internal quotation marks and citation omitted). "Interests are antagonistic when there is evidence that the representative plaintiffs appear unable to vigorously prosecute the interests of the class." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (internal quotation omitted), *cert. denied*, 531 U.S. 1148 (2001). These two components are designed to ensure that absentee class members' interests are fully pursued.

          i.       <u>The Class Representative's Interests Are Not Antagonistic to Those of the Class</u>

The Plaintiff has adequately served, and will continue to adequately serve, as Class Representative for the benefit of the proposed Settlement Class. "Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through qualified counsel, ... which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (internal quotation marks and citations omitted). Here, the Class Representative and Settlement Class Members are equally interested in obtaining meaningful compensation from Silv, and thus the Class Representative satisfies the adequacy requirement. *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 268 (E.D.Ky. 2009) (holding that no conflict existed where the plaintiffs and the class members "share the common goal of maximizing recovery for the class").

          ii.     <u>The Settlement Class Has Been Adequately Represented by Class Counsel</u>

The second prong of Rule 23(a)(4) looks "to determine whether class counsel are qualified, experienced and generally able to conduct the litigation." *Stout*, 228 F.3d at 717. The existence of the elements of adequate representation are presumed. 2 Newberg on Class Actions §7.24 at pp. 7-81-82. Here Class Counsel have extensive experience in prosecuting similar actions. Copies of Class Counsel's firm resumes were attached as Exhibits to the Declarations of Jeffrey S. Goldenberg and Christian A. Jenkins, filed as ECF No. 35-2 and ECF No. 35-3, respectively.

Class Counsel have vigorously represented the interests of the Plaintiff and the Settlement Class Members and have reviewed critical information, enabling them to negotiate an advantageous settlement and advocate for the Settlement Class. [*See* Goldenberg Declaration at ECF No. 35-2 at PAGEID # 517]. The adequacy requirement is thereby satisfied.

Having demonstrated that each of the mandatory requirements of Rule 23(a) are satisfied here, Plaintiffs now turn to consideration of the factors which, independently, justify class treatment of this action under subdivision 23(b)(3) of the rule.

### 2. The Requirements of Rule 23(b)(3) Are Met in the Settlement Context

In addition to satisfying Rule 23(a), the Settlement Class qualifies under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if:

> [T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc.*, 521 U.S. 591, 623 (1997). "[A] plaintiff must establish that the issues in the class action that are subject to

generalized proof ... predominate over those issues that are subject only to individualized proof." *Beattie*, 511 F.3d at 564 (internal quotation marks and citation omitted).

Common questions of law and fact predominate in the instant action. In the context of a settlement, individual issues which might otherwise defeat class certification do not have to be litigated and therefore "become irrelevant, allowing the common issues to predominate." *In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. 330, 376 (N.D. Ohio 2001).

The other requirement of Rule 23(b)(3) that must be satisfied is the superiority requirement (*i.e.*, that a class action suit provides the best way of managing and adjudicating the claims at issue). A class action is a superior means of adjudicating claims when certifying a class "would achieve economies of time, effort and expense and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (quoting the Advisory Committee Notes).

Normally, "[t]o determine whether a class action is the superior method for fair and efficient adjudication, the district court should consider the difficulties of managing a class action...." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630-31 (6th Cir. 2011) (internal quotations and cites omitted). In the settlement context, however, "the [manageability] consideration is not relevant." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 347.

The Settlement Agreement renders a class action superior to other potential avenues of recovery for the Plaintiff and the Settlement Class. This case exemplifies how a dispute can be resolved to effectuate the fundamental goals of Rule 23: (1) to promote judicial economy through the efficient resolution of multiple claims in a single action; and (2) to provide persons with smaller claims, who would otherwise be economically precluded from doing so, the opportunity to assert their rights. *See* Wright, Miller & Kane, *Federal Practice & Procedure*; Civil 2D § 1754. *See also*

*In re Skechers Toning Shoe Products Liability Litigation*, Case No. 3:11-MD-2308, 2012 WL 3312668, at *6 (W.D.Ky. Aug. 13, 2012) ("the amount of damages incurred by individual class members would be insufficient to justify pursuing individual actions, thereby making a class action a valuable tool for all class members").

The Settlement provides Settlement Class Members with an ability to obtain certain and definite compensatory relief promptly, and contains well-defined procedures to assure due process for each Settlement Class Member, including the right to participate or elect to be excluded.  By contrast, individualized litigation carries with it great uncertainty, risk, and cost, and provides no guaranty that the Settlement Class Member will obtain timely compensatory relief at the conclusion of the litigation process.

Settlement on a class basis also provides Settlement Class Members with prompt compensation for their damages.  Continued litigation on the other hand, whether on an individual or class-wide basis, is fraught with uncertainty.  And, to the extent there is a recovery to the Plaintiff or the Settlement Class as a result of a judgment, any such recovery may be subject to substantial delay associated with appellate proceedings.  In sum, the requirements of Rule 23(b)(3) are satisfied and certification of the Settlement Class is appropriate.

### B.  The Settlement Agreement Merits Final Approval

Pursuant to Rule 23(e), the Court may approve this Settlement if it determines that it is "fair, reasonable and adequate."  Courts consider the following factors when determining whether a proposed settlement meets that standard:

> (1) the Plaintiff's likelihood of success on the merits balanced against the amount and form of relief offered in the Settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;

(4) the judgment of experienced trial counsel;

(5) the nature of the negotiations;

(6) the public interest; and

(7) objections raised by Class Members.[5]

As a general matter, courts within this Circuit have noted the importance of refraining from any attempts to resolve the legal and factual issues that are the basis of the underlying lawsuit when considering the foregoing factors. *See Levell v. Monsanto Research Corp.,* 191 F.R.D. 543, 550 (S.D. Ohio 2000). It is not appropriate to "withhold approval simply because the benefits accrued from the [agreement] are not what a successful plaintiff would have received in a fully litigated case." *Levell,* 191 F.R.D. at 550. A settlement "is a compromise which has been reached after the risks, expense, and delay of further litigation have been assessed." *Bronson v. Bd. of Ed.*, 604 F.Supp. 68, 74 (S.D.Ohio 1984) (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)). Thus, it is well-settled that "class counsel and the class representatives may compromise their demand for relief in order to obtain substantial assured relief for the plaintiffs' class." *Id.*; *see also Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *12 (N.D. Ohio Sept. 1, 2011) (citing authorities). "In general, a reviewing court's task 'is not to decide whether one side is right or even whether one side has the better of these arguments. . . . The question is rather whether the parties are using settlement to resolve a legitimate legal and factual disagreement.'" *Brent*, 2011 WL 3862363, at *12 (quoting *UAW*, 497 F.3d at 632).

Applying these factors here leads to the conclusion that this Settlement is fair, adequate, and reasonable.

### 1. The Likelihood of Success Balanced Against the Amount and Form of Relief Offered by the Settlement Weigh in Favor of Approving the Settlement

---

[5] *UAW v. GMC*, 497 F.3d 615, 631 (6 th Cir. 2007); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983).

The risks of establishing liability and damages are relevant factors to consider when determining whether a class action settlement is fair, adequate, and reasonable. *See In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. at 351; *Officers for Justice v. Civil Service Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). From the outset of this litigation, Defendant has consistently maintained that the allegations in this action are without merit. Silv argues it provides a valuable service as evidenced by its long time and often repeat customers. Silv also contends every customer who switched to Silv's service did so voluntarily.

Thus, even assuming Plaintiff could obtain an order certifying this case as a class action, and obtain an order granting summary judgment or prevail at trial, it would still face the potential for prolonged litigation, including appeals to the Sixth Circuit.

The defenses available to Defendant are significant, and include a substantial challenge to the merits of Plaintiff's claim. Defendant has argued Plaintiff never actually suffered cognizable harm based on any of Silv's wrongdoing. Defendant has also argued it provides a valuable and voluntary service to which Plaintiff consented. Further, Defendant has argued that by providing service to multiple states, each with its own requirement to prove fraud, Plaintiffs would have to conduct a customer-by-customer inquiry to determine if any fraud was committed.

By contrast, the Settlement offers immediate, significant, and substantial relief to all Settlement Class Members. Under the Settlement, every member of the Settlement Class who submits a valid claim will receive a payment, equal to approximately three months of Silv's charges.

This time period is significant because the FCC regulations applicable to slamming claims provide that consumers are expected to review the invoices and detect questionable charges within thirty (30) days. *See, e.g.,* 47 CFR 64.1140; In the Matter of Implementation of the Subscriber Carrier Selection Changes Provisions of the Telecommunications Act of 1996 Policies & Rules

Concerning Unauthorized Changes of Consumers Long Distance Carriers, 14 F.C.C. Rcd. 1508, 1522 (1998) (explaining that the rules are designed to encourage consumers to police their own telephone bills to detect slamming).

The Settlement delivers real value to Settlement Class Members. Under any analysis, the relief afforded by this Settlement is fair and reasonable, especially when weighed against the anticipated cost, prolonged nature, and uncertain outcome of continued litigation. Thus, the inherent risks associated with this litigation favor approval of this Settlement.

### 2. The Complexity, Expense, and Likely Duration of Litigation Weigh in Favor of Approving the Settlement

"Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent*, 2011 WL 3862363, at *16 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 174 (S.D.N.Y.2000)). "Thus, '[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.'" *Id.* (quoting 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.50 (4th ed. 2002)). Similarly, the complexity, expense, and likely duration of litigation here favor final approval of the Settlement. Complete fact discovery in this matter would have been voluminous, complicated and complex. Based on the procedural posture to date, Defendant would likely have moved for summary judgment at the conclusion of discovery. Further, the case may have required extensive expert analysis, including forensic digital analysis, of the audio recordings at issue to determine their authenticity. Continued litigation would certainly be an involved and expensive process.

Moreover, the resulting litigation, including any appeals, could take many years and involve substantial expense for all Parties. The uncertainty of continued litigation stands in stark contrast to the immediate relief offered by this Settlement. Therefore, the Settlement provides

Settlement Class Members with real benefits now without having to endure the risks, duration, and expense that would surely follow if this litigation were to continue. *See Bert v. AK Steel Corp*., No. 1:02-cv-467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("The Court has no doubt that the required trials or hearings would have been time consuming, and that a complete resolution of the case would not be reached for several more years. This factor clearly weighs in favor of the proposed settlement.").

### 3. The Nature and Stage of Proceedings Weigh in Favor of Approving the Settlement

When considering the Settlement, the Court "should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs." *Vukovich,* 720 F.2d at 922-923. At its heart, this case concerns a complicated factual analysis of the relationship between Silv and the businesses who utilize Silv's services. Silv would argue it is necessary to determine how each of its customers came to retain its services to determine if the relationship was consensual, voluntary and expected. Each customer's telephone plan would require analysis to see if Silv added any value or was a redundant expense.

The amount of fact discovery and time spent conducting that discovery would be enormous. It is possible the evidence, when applied under different state law, would have produced different outcomes for class members with nearly identical facts. The Parties recognized that absent an early settlement this case likely would have consumed the resources of all involved, leaving nothing for the class members in the event of a judgment in their favor.

That does not mean that the Parties failed to analyze the strengths and weaknesses of their respective cases. In fact, significant factual information has been collected through an informal discovery process allowing both sides to evaluate their respective strengths and weaknesses. Therefore, sufficient investigation has been done to determine that the terms of this Settlement are

18

fair and reasonable under the circumstances.  As a result, this factor counsels in favor of approval of the Settlement.

### 4.    Experienced Class Counsel Negotiated The Settlement At Arm's Length

The Court must consider whether the Settlement is the product of arms-length rather than collusive bargaining.  *Bronson*, 604 F.Supp. at 73.  As discussed in Plaintiff's Motion for Preliminary Approval [Doc. 33], the Parties' settlement negotiations took place at arms' length, without collusion, and fully preserved the integrity of the adversarial process.

The fairness of the settlement process and the Settlement itself were also shaped by the experience and reputation of counsel, an important factor in final approval of class action settlements.  "The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."  *Vukovich,* 720 F.2d 909, 922-23 (6th Cir. 1983) (citing *Stotts v. Memphis Fire Dep't,* 679 F.2d 541, 554 (6th Cir. 1982)), *rev'd on other grounds*, 467 U.S. 561 (1984).  Accordingly, the Settlement was not the product of collusive dealings, but, rather, was informed by the vigorous prosecution of the case by experienced and qualified counsel on both sides.

### 5.    The Public Interest Weighs in Favor of Approving the Settlement

"[T]he law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."  *Brent*, 2011 WL 3862363, at *12 (quoting 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions*, § 11.41 (4th ed. 2002)).  The Sixth Circuit has noted that "settlement agreements should ... be upheld whenever equitable and policy considerations so permit.  By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before overburdened courts, and to citizens whose taxes support the latter.  An amicable compromise provides the more speedy and reasonable remedy for the dispute."  *Stotts*, 679 F.2d at 555 n.11.  Particularly in light of the

immediate benefits that the Settlement provides to the Class Members, and the fact that this case was settled before extensive discovery and likely dispositive motion practice, this "overriding public interest" would be well-served by approval of this Settlement.

### 6. The Absence of Objections Supports Final Approval

One of the factors typically considered in determining the reasonableness of a settlement is the reaction of the class. *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008) (settlement found to be fair in light of 79 objections out of nearly 11,000 absent class members). More than 24,000 notices were mailed directly to Class Members. (Dunlap Affidavit ¶9). No class members have objected to the proposed settlement. (Goldenberg Declaration ¶ 2). And the fact that only three of more than 24,000 Class Members opted out of the Settlement supports the inference that the Settlement is fair. (Dunlap Affidavit ¶ 18). *See Smith v. Ohio Dep't of Rehab. & Corr.*, No. 2:08-cv-15, 2012 WL 1440254, at *20 (S.D. Ohio Apr. 26, 2012) ("[I]f only a small number of objections to a class action settlement are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re Delphi Corp. Sec.*, 248 F.R.D. 483, 500 (E.D. Mich. 2008); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007) ("Generally, however, a small number of objections, particularly in a class of this size, indicates that the settlement is fair, reasonable and adequate."). "A certain number of . . . objections are to be expected in a class action." *Hyland v. Homeservices of Am., Inc*., No. 3:05-cv-612, 2012 WL 1575310, at *7 (W.D. Ky. May 3, 2012) (quoting *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 527 (E.D.Mich. 2003)). Therefore, a "miniscule percentage of objections relative to the size of the Class weighs in favor of finding the Private Settlement Agreement to be fair, reasonable and adequate." *Smith*, 2012 WL 1440254, at *20. Here, there are no objections and only three exclusions. Thus, there can be little doubt that the settlement is fair, reasonable and adequate.

### C. Class Counsel are Entitled to Their Reasonable Attorneys' Fees and Reimbursement of Their Reasonable Expenses, and the Class Representative is Entitled to a Reasonable Contribution Award

#### 1. Class Counsel's Attorney Fee Petition Is Reasonable And Should Be Granted.

Class Counsel incorporates by reference their Motion for Approval of Attorney Fees, Expenses, and Contributions Awards [ECF No. 35], as if fully stated herein. For all the reasons stated therein, Class Counsel requests an attorney fee equal to one-third of the Settlement Fund, or $150,000.

#### 2. Class Counsel Are Entitled To Reimbursement Of Expenses.

For all the reasons stated in Class Counsel's Motion for Approval of Attorney Fees, Expenses, and Contributions Awards [ECF No. 35], incorporated herein, Class Counsel requests reimbursement of expenses in the amount of $1,527.77.

#### 3. The Class Representative Should Receive The Requested Contribution Awards.

For all the reasons stated in Class Counsel's Motion for Approval of Attorney Fees, Expenses, and Contributions Award [ECF No. 35], incorporated herein, Class Counsel requests that the Class Representative receive a contribution award of $5,000.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant final approval to this Settlement. Additionally, Class Counsel respectfully request an award of (1) $150,000 as fair and reasonable for attorneys' fees; (2) $1,527.77 for reimbursement of the expenses necessarily incurred in prosecution of this action on behalf of the Class; and (3) a $5,000 contribution award for the Named Plaintiff. A proposed Order Granting Final Approval is attached as Exhibit 1.

Dated:    October 9, 2017

          Respectfully submitted,

          /s/ Christian A. Jenkins
          Christian A. Jenkins (0070674)
          Robb S. Stokar (0091330)
          MINNILLO & JENKINS CO., LPA
          2712 Observatory Avenue
          Cincinnati, OH  45202
          Tel:  (513) 723-1600
          Fax:  (513) 723-1620
          cjenkins@minnillojenkins.com
          rstokar@minnillojenkins.com

          Jeffrey S. Goldenberg (0063771)
          Todd B. Naylor (0068388)
          Robert B. Sherwood (0084363)
          GOLDENBERG SCHNEIDER, LPA
          One West Fourth Street, 18th Floor
          Cincinnati, OH  45202-2012
          Tel:  (513) 345-8291
          Fax:  (513) 345-8294
          jgoldenberg@gs-legal.com
          tnaylor@gs-legal.com
          rsherwood@gs-legal.com

          **Attorneys for Plaintiff**
          **and the Settlement Class**

CERTIFICATE OF SERVICE

   I hereby certify that on October 9, 2017 I electronically filed the foregoing Plaintiff's Motion for Final Approval of Class Action Settlement using the CM/ECF system which will send notification of such filing to all counsel of record.

          /s/Christian A. Jenkins
          Christian A. Jenkins (0070674)