UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBER BALDWIN DESIGNS, LLC, Individually and on behalf of all others Similarly situated, | Case No. 1:16-cv-448 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| SILV COMMUNICATIONS, INC., | |
| Defendant. | |

**ORDER GRANTING
PLAINTIFF'S MOTION FOR FINAL SETTLEMENT APPROVAL (Doc. 36) AND
CLASS COUNSEL'S MOTION FOR APPROVAL OF ATTORNEYS' FEES,
EXPENSE REIMBURSEMENT, AND CLASS REPRESENTATIVE AWARD
(Doc. 35)**

## I. INTRODUCTION

This civil action is before the Court on the motion of named Plaintiff Kimber Baldwin Designs, LLC for final settlement approval (Doc. 36); Class Counsel's motion for attorneys' fees, expense reimbursement, and class representative award (Doc. 35); and the statements of counsel for both parties at the October 23, 2017 fairness hearing.

On April 4, 2016, the named Plaintiff, on behalf of itself and all others similarly situated, commenced this civil action against Defendant Silv Communications, Inc. Plaintiff alleges Defendant violated federal law and engaged in fraud by changing the long-distance telephone services of various businesses without authorization. Specifically, Plaintiff alleged Defendant engaged in an unlawful practice known as "slamming" when it obtained recordings of employees of businesses answering "yes" to

questions related to the business name, addresses and telephone number, but then manipulated those recordings to fabricate consent to switch to Defendant's long-distance telephone service. Premised on these allegations, the Complaint asserts claims for violations of the Wire or Radio Communications Act, fraud, unjust enrichment, and Ohio Telecommunications Fraud.

During the required Rule 26 conference, counsel for both parties agreed to request a stay of this case to explore settlement. (Doc. 36 at 5). On January 19, 2017, the Court granted the parties' joint motion for a stay. The parties met three more times over the next few months and exchanged settlement proposals by telephone and email. (*Id*.) Plaintiff's counsel requested, and received, documents from Defendant for the purpose of evaluating liability and damages, including documents pertaining to Defendant's revenues, ownership structure, customers, complaints, refunds, and third-party vendors. (*Id*.) The parties eventually reached an agreement, and a final version of their written settlement agreement ("Settlement Agreement") was executed on June 5, 2017. [1]

The Settlement Agreement creates a $450,000 Settlement Fund for the benefit of the Settlement Class, which is defined as:

> All individuals and business in the United States that were switched to and billed by Silv Communications, Inc. for unlimited long-distance telephone service from January 1, 2012 to the date of the Order granting preliminary approval of the Settlement (June 13, 2017).

(Doc. 33-1 at 3).

---

[1] The Settlement Agreement is attached at Doc. 33-1 and incorporated herein by reference. Defined terms in the Settlement Agreement have the same definitions when used in this Order.

The Settlement Fund will cover payments to Class Members, costs of notice to the Class and administration of the settlement, reimbursement of Class Counsel's reasonable costs, expenses, and fees, as well as a contribution award for Plaintiff not to exceed $5,000. (Doc. 33-1 at 3-4). Each Class Member submitting a valid claim shall receive an equal settlement payment not to exceed $120. (Doc. 33-1 at 4). Any leftover money shall revert to and belong to Defendant. (*Id.*)

On June 13, 2017, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement and Order Scheduling Fairness Hearing (the "Preliminary Approval Order"). (Doc. 34). The Preliminary Approval Order: (1) approved of the parties' settlement; (2) approved of the parties' proposed settlement notice; (3) approved of the parties' proposed class action settlement procedure; (4) appointed Plaintiff's counsel as Class Counsel, and (5) scheduled a fairness hearing for October 23, 2017 (after the close of the notice period).

Following the Court's Preliminary Approval Order, on July 17, 2017, Defendant provided the Settlement Administrator with a list containing the name and last known address of each member of the Class as defined in the Settlement Agreement. (Doc. 36-2 at ¶ 6). After reviewing the list for completeness and accuracy, the Settlement Administrator sent notice of the settlement to 24,131 class members. (*Id.* at ¶¶ 6-9). As of October 4, 2017, the Settlement Administrator had received 6,428 undeliverable notices. (*Id.* at ¶ 11). Of those, 50 were returned with a forwarding address, and the Settlement Administrator remailed notices to the new address provided. (*Id.*) Of the forwarded notices, only nine were returned as undeliverable. (*Id.*) As of October 4,

2017, the Settlement Administrator had only received three valid requests for exclusion from the Class. (*Id.* at ¶ 15). As of October 4, 2017, the Settlement Administrator had received 1,126 claim forms. (*Id.* at ¶ 16).

On August 22, 2017, Class Counsel filed a motion for attorneys' fees, expense reimbursement, and class representative contribution award. (Doc. 35). On October 9, 2017, Plaintiff filed a motion for final approval of settlement. (Doc. 36). On October 23, 2017, the Court held a fairness hearing. There were no objections at the fairness hearing.

## II. ANALYSIS

**A. The Settlement Class is appropriate for Rule 23 certification.**

Plaintiff's motion for final approval asks the Court to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23. (Doc. 36 at 8-14). The benefits of a settlement can be realized only through the final certification of a settlement class. *Wess v. Storey*, 2011 U.S. Dist. LEXIS 41050, at * 17 (S.D. Ohio Apr. 14, 2011). The Court maintains broad discretion in deciding whether to certify a class. *Id.* After consideration of the Rule 23 factors, the Court finds it appropriate to certify the Settlement Class.

   1. <u>Numerosity</u>.

Rule 23(a)(1) requires a plaintiff to demonstrate that "the class is so numerous that joinder of all members is impracticable." While no specific number of class members is required to maintain a class action, "[w]hen class size reaches substantial proportions . . . the impracticability requirement is usually satisfied by the numbers alone." *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citation omitted). The Court finds the

substantial size of the Settlement Class in this case easily satisfies the numerosity requirement.

  2. <u>Commonality</u>.

Rule 23(a)(2) requires "questions of law or fact common to the class." This requirement is interdependent with the impracticability of joinder requirement. *In re Am. Med. Sys.*, *Inc.*, 75 F.3d at 1080. Together, these tests form the conceptual basis for class actions. *Id.* The Sixth Circuit has explained:

> The class-action was designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. Class relief is particularly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. In such cases, the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23.

*Id.* at 1076 (quoting *General Telephone v. Falcon*, 457 U.S. 147, 155 (1982)).

Here, each Class Member's claim raises questions of law or fact that are common to the class, *i.e.* whether Defendant engaged in "slamming" and whether its conduct was unlawful. Because questions of law and fact are common to the class, Rule 23(a)(2) is satisfied.

  3. <u>Typicality</u>.

Rule 23(a)(3) requires "the claims or defenses of the representative parties [shall be] typical of the claims or defenses of the class." The typicality element is designed to assess "whether a sufficient relationship exists between the injury to the named plaintiff

5

and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if the named plaintiff's claims are based on the same legal theory. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082.

Here, the issue of whether Plaintiff was "slammed" is common to all Settlement Class Members. By litigating this central liability issue, the Plaintiff can reasonably be expected to advance the interests of all Class Members. Accordingly, the typicality requirement of Rule 23(a)(3) is satisfied.

    4. <u>Adequacy</u>.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." The Sixth Circuit has counseled there are two criteria for determining this element: (1) the representatives must have common interests with the unnamed class members, and (2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976) (citation omitted).

Here, Plaintiff and the Class Members are equally interested in obtaining compensation from Defendant for its alleged "slamming" practices. Accordingly, Plaintiff satisfies the first prong of the adequacy requirement. *See Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) ("Class representatives are adequate when it appears that they will

6

vigorously prosecute the interest of the class through qualified counsel . . . which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members.").

Further, Plaintiff is represented by qualified counsel with experience prosecuting class actions. (*See* Docs. 35-2, 35-3). Accordingly, the second prong of the adequacy requirement is met. *See Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (noting the second prong of Rule 23(a)(4) looks "to determine whether class counsel are qualified, experienced and generally able to conduct the litigation.")

5. Rule 23(b).

Not only must the four prerequisites of Rule 23(a) be met before a class can be certified, but "the party seeking certification must also demonstrate that it falls within at least *one* of the subcategories of Rule 23(b). *In re Am. Med. Sys.*, 75 F.3d at 1079. Plaintiff argues that it falls within Rule 23(b)(3), which states a class action may be maintained if:

> [T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

7

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, common questions predominate over questions affecting only individual members, and given the difficulties that would be inherent in managing a class as large as the Settlement Class, the Court finds that certification is the most efficient, and the superior, means to adjudicate the claims at issue.

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for final certification of the Settlement Class.

### B. The Parties' Settlement is Fair and Reasonable.

Before a district court approves a settlement, the Court must find that the settlement is "fair, reasonable, and adequate." *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 U.S. Dist. LEXIS 74201, at * 9 (S.D. Ohio May 24, 2013) (citation omitted). In the Sixth Circuit, district courts consider seven factors in determining whether a class settlement is fair, reasonable, and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). As set forth below, each of these factors weighs in favor of approving the parties' settlement.

1. The Risk of Fraud or Collusion.

The evidence before the Court is that the parties' settlement was the result of arm's-length negotiations, free of collusion or fraud, conducted by experienced counsel on both sides, and achieved over the course of several months of negotiations. (Doc. 36 at 5). Nothing before the Court suggests that the parties' settlement is the result of fraud or collusion.

2. The Complexity, Expense, and Likely Duration of the Litigation.

This factor strongly favors approval because, absent settlement, continued litigation would entail additional discovery, including written discovery and depositions, class certification briefing, dispositive motion briefing, and perhaps trial and appellate proceedings. At the fairness hearing, Class Counsel stated they were particularly concerned about the volume of digital discovery that proceeding would entail. On the other hand, the parties' settlement confers a tangible and immediate benefit upon the Plaintiff and Class Members and eliminates the risk and expense associated with continuing to prosecute claims Defendant categorically denies.

3. The Amount of Discovery Engaged in By the Parties.

Given the nature of Plaintiff's claims, Plaintiff argues that the time and expense required to complete discovery would be enormous. (Doc. 36 at 8). The parties recognized that, absent an early settlement, this case would likely have consumed the resources of all involved, potentially eliminating a recovery for Class Members. (*Id.*) While this case settled relatively early, Plaintiff had sufficient time throughout several

months of negotiations to review documents produced by Defendant and assess the merits of its case. (Doc. 36 at 5). The Court finds this factor weighs in favor of approval.

    4. The Likelihood of Success on the Merits.

This factor weighs in favor of approval because Defendant categorically denies Plaintiff's claims. Defendant contends that Plaintiff has not suffered a cognizable harm, and every customer who switched to its service did so voluntarily. If this case were to continue, Plaintiff and the Class Members may not recover anything at all. By agreeing to settlement, that risk is eliminated and participating Class Members are guaranteed to recovery now, rather than possibly receiving recovery years from now, or not receiving any recovery at all.

    5. The Opinions of Class Counsel and Class Representatives.

Class Counsel believes that this settlement is fair, adequate and reasonable. (Doc. 33-1 at ¶ 6). Plaintiff, the Class Representative, approved of the Settlement Agreement by signing it. (Doc. 33-1 at 15). This factor weighs in favor of approval.

    6. The Reaction of Absent Class Members.

The reaction of the class strongly supports approval. The Settlement Administrator mailed more than 24,000 notices to Class Members, but only 3 members opted out, and no one objected to the settlement. (Doc. 36-2 at ¶¶ 9, 15; Doc. 36-3 at ¶ 2).

For these reasons, the Court **GRANTS** Plaintiff's request for final settlement approval.

**C. Fees, Expenses, and Contribution Award**.

    1. Class Counsel are entitled to their requested fee.

Class Counsel has requested an order approving the payment of $150,000 for attorneys' fees, such award representing one-third of the $450,000 Settlement Fund.

District courts may award reasonable attorneys' fees and expenses from the settlement of a class action upon a motion under Rules 54(d)(2) and 23(h). *See Lowther v. AK Steel Corp.*, No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, at * 2 (S.D. Ohio Dec. 21, 2012). When assessing the reasonableness of a fee petition, district courts engage in a two-part analysis. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 760 (S.D. Ohio 2007). First, the district court determines the method for calculating fees: either the percentage of the fund approach or the lodestar approach. *Id.* (citation omitted). Second, the court must analyze the six factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). *Id.*

    a. *The Court Adopts the Percentage Approach*.

In the Sixth Circuit, district courts have the discretion to determine the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and the particular circumstances of the actual cases pending before the Court using either the percentage or lodestar approach. *In re Cardinal Health Inc. Sec. Listgs.*, 528 F. Supp. 2d at 761. In the Southern District of Ohio, the preferred method is "to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier." *Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08-cv-1119, 2011 U.S. Dist. LEXIS 7829, at * 34 (S.D. Ohio Jan. 26, 2011) (citation omitted).

Accordingly, the Court agrees with Defendant's method of calculating its requested fee as a percentage of the Settlement Fund.

      b. *The* Ramey *factors*.

In reviewing the reasonableness of the requested award, the Sixth Circuit requires district courts to consider six factors, known as the *Ramey* factors: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey*, 508 F.2d at 1196.

Here, each of these factors weighs in favor of granting the requested fee. First, Class Counsel's work resulted in a significant benefit, a Settlement Fund of $450,000. The Settlement Fund exists to provide early relief to Class Members and eliminates additional risk and expense the parties would otherwise incur if this litigation were to continue.

Second, there is a benefit to society in ensuring that small claimants may pool their claims and resources, and attorneys who take on class action cases enable this. *See Moore v. Aerotek, Inc.*, Case No. 2:15-cv-2701, 2:15-cv-1066, 2017 U.S. Dist. LEXIS 102621, at * 26 (S.D. Ohio June 30, 2017) (citation omitted). In this case, Class Counsel's effort resulted in a tangible reward for the Class Members. Many of the Class Members would not have been able or willing to pursue their claim individually, and many would likely not even be aware they had a claim against Defendant. *Id.* Society

has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own. *Id.* (citation omitted).

Third, despite the risks associated with prosecuting this case, Class Counsel took this case solely on a contingency fee basis and were prepared to make an investment with the very real possibility of an unsuccessful outcome and no fee at all. (Doc. 35-2 at ¶ 8). Further, Class Counsel have advanced all costs incurred in this case, and have not received any compensation for the work they have performed thus far. (*Id.*) This factor weighs in favor of granting the requested fee. *See Gentrup v. Renovo Servs.*, Case No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at * 14 (S.D. Ohio June 24, 2011) (finding the fact that plaintiffs' counsel had made "significant investments of time and [had] advanced costs but [had] received no compensation in this matter" weighed in favor of granting the requested fee).

Fourth, a lodestar cross-check, while unnecessary, also supports Class Counsel's fee request. Under the lodestsar calculation, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2015) (citation omitted). The Court then has the discretion to enhance the lodestar with a separate multiplier than can serve as a means to account for the risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved. *Id*. at 279, 280. Here, as of August 15, 2017, Class Counsel had expended 476.5 hours prosecuting this action, which, at their customary billing rates, provides a cumulative lodestar of $206,757, significantly more than the requested fee. Dividing the amount they seek ($150,000) by

13

the lodestar results in a negative multiplier (-.73), which demonstrates that the fee sought is reasonable. *See Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at * 8 (W.D. Ky. Oct. 13, 2016).

Fifth, this case involves numerous complex factual questions pertaining to Plaintiff's "slamming" allegations, as well as nuanced legal issues. Class Counsel already successfully defeated Defendant's motion to dismiss, which involved significant legal argument. This factor weighs in favor of granting the requested fee.

Sixth, and finally, Plaintiff and Defendant are represented by highly experienced counsel. All counsel are highly qualified, and they all have substantial experience in federal courts and class action litigation. (See Doc. 33-1 at 20, 24).

For these reasons, the Court determines Class Counsel's requested fee is reasonable, and **GRANTS** Class Counsel's request for a fee of $150,000.

2. Class Counsel are entitled to reimbursement of expenses.

Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). Expense awards are customary when litigants have created a common settlement fund for the benefit of a class. *Id.* (quotation omitted).

Here, Class Counsel seek $1,527.77 in out-of-pocket litigation expenses. (Doc. 35-1 at 16-17). There are no objections to Class Counsel's request. Upon review, all of Class Counsel's expenses were reasonable and necessary in connection with litigating and resolving this case and are therefore reimbursable. (*See* Docs. 35-2, 35-3).

14

Accordingly, the Court **GRANTS** Class Counsel's request for $1,527.77 for expense reimbursement.

       3. <u>Plaintiff is entitled to a Contribution Award</u>.

Pursuant to the terms of the Settlement Agreement, Plaintiff requests a class representative contribution award of $5,000 for services rendered on behalf of the Class, including providing continuing assistance to Class Counsel. Courts typically authorize contribution awards (or "incentive" awards) to class representatives for their often extensive involvement with a lawsuit. *See Estep v. Blackwell*, Case No. 1:06-cv-106, 2006 U.S. Dist. LEXIS 89360, at * 15 (S.D. Ohio Nov. 29, 2006) (citations omitted). Such compensation to the named plaintiff is typically justified where the named plaintiffs expend time and effort beyond that of the other class members in assisting class counsel with the litigation, such as by actively reviewing the case and advising counsel in the prosecution of the case. *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 273 (S.D. Ohio 1997).

Here, Plaintiff met with Class Counsel prior to the filing of the case, carefully reviewed the Complaint and Amended Complaint, met with Class Counsel to discuss the ongoing litigation, and reviewed (and ultimately approved) settlement terms. (Doc. 35-4 at ¶¶ 6-9). At the fairness hearing, Class Counsel represented that Plaintiff also produced relevant documents and interviewed employees related to this action. The Court finds Plaintiff has spent time and effort beyond that of other class members, and **GRANTS** Plaintiff's request for a $5,000 contribution award.

## III. CONCLUSION

For the foregoing reasons:

1. Plaintiff's motion for final settlement approval (Doc. 36) is **GRANTED**.

2. Class Counsel's motion for approval of attorneys' fees, expense reimbursement, and contribution awards (Doc. 35) is **GRANTED**.

3. The Court certifies the following Settlement Class: All individuals and businesses in the United States that were switched to and billed by Silv Communications, Inc. for unlimited long-distance service from January 1, 2012 to the date of the Order [June 13, 2017] granting preliminary approval of the Settlement. Excluded from the Settlement Class are Defendant, any directors, officers or employees of Defendant and the Judge(s) to whom this case is assigned or any other judicial officer having responsibility for this case.

4. Each and every member of the Class except for Excluded Class Members (defined herein as: those members of the Class who validly and timely excluded themselves from the Settlement) is and shall be forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims in accordance with Section 8 of the Settlement Agreement which provides as follows:

   > **8. Release by Plaintiff and the Settlement Classes.** Upon Finality of Judgment in accordance with section 18 of this Agreement, Plaintiff, the Class Members, and their related individuals and entities, including but not limited to Plaintiff's and Class Members' past and present officers, past and present directors, past and present trustees, past and present shareholders, past and present employees, spouses and former spouses, and their present, former, and future respective administrators, agents, assigns, trustees, attorneys, executors, heirs, partners, predecessors-in-interest, successors and any person or entity claiming now or in the future by, through or on behalf of any Class Member (collectively, the "Releasing Parties"), shall be deemed to have fully, finally, and forever completely and unconditionally released, waived, discharged, and relinquished all claims, rights, actions and causes of action of any kind whatsoever, whether based on

common law or any federal or state statute, rule, regulation, debts, accounts, promises, warranties, liens, damages including but not limited to compensatory and punitive damages, agreements, costs, expenses, claims or demands whatsoever, in law or equity or other law or right of action, foreseen or unforeseen, matured or unmatured, asserted or unasserted, known or unknown, accrued or not accrued, suspected or unsuspected, fixed or contingent, and whether or not concealed or hidden that said Member of the Classes have, had, or may have individually, representatively, or derivatively or in any other capacity arising out of or related to, directly or indirectly, the facts, circumstances, events or claims alleged in the Amended Complaint or that could have been alleged in the Amended Complaint against any of the Released Parties and shall have covenanted not to sue any such Released Party with respect to any such claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such claims against any of the following Released Parties:

   a. Silv Communications, Inc., its subsidiaries and parent companies, and any past and present officer, any past and present director, any past and present trustee, any past and present shareholder, and any past and present employee of Silv Communications, Inc.

   b. Billing Services Group, 7411 John Smith Drive, Suite 1500, San Antonio, TX 78229; Fortune InfoTech, R-5 Nehru Enclave, Aliganj Lucknow, India; and Seone Network, 2A/329 Shree Tower, Flat No 402, Azad Nagar Kanpur 208002, India.

5. The Parties and their counsel shall further implement and consummate the Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order. No later than thirty (30) days after the Effective Date, *i.e.*, when Finality is achieved, Defendant shall transfer $110,000 (the remaining amount due to fully fund the settlement) by wire to the Settlement Administrator. The Settlement Administrator shall then issue payment to the Members of the Class who submitted timely claims, the Contribution Award

and the Attorneys' Fees and Costs. The Settlement Administrator shall also pay the cost of Settlement Administration.

6. Within thirty (30) days of the payment of the above monies, the Settlement Administrator shall submit to Class Counsel and to Defense Counsel a final general accounting of all expenditures paid from the Settlement Fund, which Class Counsel shall then provide to the Court. The Settlement Administrator shall then return any remaining balance of the Settlement Fund to Defendant, by issuing a check for the same to Defendant's counsel within thirty (30) days of submission of the final general accounting to the Court.

7. The Release and Covenant Not to Sue are incorporated into this Order and shall become effective when Finality is achieved. Accordingly, each and every Member of the Class except Excluded Class Members hereby compromises, settles, and releases each and every Released Claim against the Releasees, as set forth in the Release.

8. This action and every Released Claim (including all individual claims and Class-wide claims presented thereby) is hereby **DISMISSED** on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and adopted in this Order.

9. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

10. Class Counsel and the Settlement Administrator shall return any un-cashed settlement payments to Defendant by issuing a check for same to Defendant's counsel.

11. This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.

12. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date:   11/13/17

*Timothy S. Black*
Timothy S. Black
United States District Judge